By the Court.
This case is a companion of case No. 17492, State, ex rel. Maxwell, Prosecuting Attorney, v. Wilson et al., ante, 224.
In that case it was held that the people’s elected board of education was the legal board of Muskingum county.
In the present case the defendant, John S. Mc-Ginnis, claims that he is the legally elected superintendent of schools of Muskingum county by virtue of his election by the old board, the appointive board, for the following reasons:
1. That the appointive board was the legal board.
In the State, ex rel., v. Maxwell case, supra, the contrary holding was made, and the county board elected by the people November, 1921, was declared to be the legally elected board, by virtue of the statute in such case made and provided.
*232 2. That the statutes providing for the elected hoard to he chosen by the people at the November election, 1921, were invalid because in conflict with the constitution.
We have likewise held in the Maxwell case, supra, that these statutes were valid and constitutional enactments, and it is therefore unnecessary to discuss that question further in this cause.
3. It is urged that if said appointive board was not a de jure board it was at least in truth and fact the de facto board, and therefore its employment of a county superintendent, to-wit, its employment of John S. McGinnis, was rightful and legal.
The language of the statute, which we have held to be valid and constitutional, makes it unnecessary to enter into or determine the de facto character of the board which attempted to elect McGinnis as county superintendent. A de facto board, no less than a de jure board, can exercise only such powers as are granted by statute, either expressly or by necessary implication.
The act of the general assembly, as found in 109 Ohio Laws, 242, particularly in Section 3, at page 246, reads as follows:
“Section 3, Schedule. County superintendents of schools shall continue in office for the periods for which they have been elected but no election of a county superintendent which takes place after this act becomes effective and before the county board of education elected in November, 1921, takes office shall be valid beyond August 1, 1922.”
If this language means anything, it surely means that the old appointive board could not elect a county superintendent to serve beyond August 1, 1922. *233 That power and right was reserved for the new board, the people’s elected board.
The power sought to be exercised by the alleged de facto board being so clearly and convincingly in violation of Section 3, its action in that respect was null and void.

Judgment for relator.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.
Marshall, C. J., took no part in the consideration or decision of the case.